IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNYGY, INC., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ZS ASSOCIATES, INC., | : | NO. 07-3536 |
| Defendant | : | |

O'NEILL, J.                                                        April 23, 2008

<u>MEMORANDUM</u>

Presently before me are plaintiff's Motion for Preliminary Injunction, defendant's Motion to Dismiss, and the respective replies and sur-replies thereto. For the reasons set forth below plaintiff's Motion for Preliminary Injunction will be denied. Defendant's Motion to Dismiss will be granted.

BACKGROUND

Plaintiff filed a complaint and included therein allegations that defendant maliciously and intentionally misappropriated plaintiff's trade secrets and converted plaintiff's intellectual property. Plaintiff is a corporation which specializes in developing sales compensation management software and services for sales force personnel. Plaintiff alleges that defendant is plaintiff's competitor and that defendant maliciously and intentionally misappropriated trade secrets by luring and hiring plaintiff's former employees. Plaintiff claims that its former employees were hired in violation of employment agreements which contained covenants against disclosure and competition. Plaintiff maintains that in hiring its former employees defendant unlawfully acquired specialized knowledge, came into direct competition with plaintiff, interfered with plaintiff's then existing contractual relationships, and caused plaintiff to suffer substantial financial losses. Plaintiff's complaint contains counts for the following claims: Count

I, violations of the LanhamAct, 15 U.S.C. §1125 <u>et. seq.</u>; Count II, misappropriation of trade

secrets; Count III, conversion of intellectual property; Count IV, intentional interference with

prospective business relations; Count V, unfair competition; Count VI, unjust enrichment; and,

Count VII, doctrine of inevitable disclosure.

Plaintiff filed a motion for preliminary injunction.  In response defendant filed a motion

to dismiss for failure to join necessary and indispensable parties.  Plaintiff asserts that a

preliminary injunction is warranted because plaintiff will suffer irreparable harm by defendant's

continuous use of plaintiff's trade secrets.  Plaintiff also asserts that a preliminary injunction is

warranted because the agreements against competition and disclosure executed by plaintiff's

former employees are valid and enforceable. Defendant argues that plaintiff's former employees

are necessary and indispensable because this court must determine the validity of the

employment agreements in order to adjudicate this action.  Defendant further asserts that because

plaintiff's former employees were employed by plaintiff's Indian affiliate - and have been sued in

India - this matter should be dismissed on the basis of *forum non conveniens*.  In support of this

assertion defendant argues that India is an adequate alternative forum, the public and respective

private interests weigh in favor of dismissal, and the ease of access to sources of proof favor

India as a forum.

Plaintiff argues that it is not required to join the former employees simply because they

are joint tortfeasors.  Plaintiff maintains that because it has not requested any relief from the

former employees the employees' rights will not be affected by a determination in this matter.

Plaintiff additionally asserts that the former employees' interests will be adequately represented

by defendant.

DISCUSSION

I will first address my conclusion that dismissal is warranted both due to plaintiff's failure

to join indispensable parties and also on the basis of *forum non conveniens*.  Having so

concluded I will not address plaintiff's motion for preliminary injunction.

Federal Rule of Civil Procedure 19(a) provides that:

(a) A person who is subject to service of process and whose joinder will not
deprive the court of subject-matter jurisdiction must be joined as a party if: (1) in
that person's absence, the court cannot accord complete relief among existing
parties; or (2) that person claims an interest relating to the subject of the action
and is so situated that disposing of the action in the person's absence may:  (i) as a
practical matter impair or impede the person's ability to protect the interest; or (ii)
leave an existing party subject to a substantial risk of incurring double, multiple,
or otherwise inconsistent obligations because of the interest.

(b) When Joinder Is Not Feasible. If a person who is required to be joined if
feasible cannot be joined, the court must determine whether, in equity and good
conscience, the action should proceed among the existing parties or should be
dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might
prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were
dismissed for nonjoinder.

In this instance I find that plaintiff's former employees are both necessary and indispensable

parties.  "Fed.R.Civ.P 19(a) states that a party is necessary if *either* (1) the present parties will be

denied complete relief in the absence of the party to be joined, *or* (2) the absent party will suffer

some loss or be put at risk of suffering such a loss if not joined.  As Rule 19(a) is stated in the

disjunctive, if either subsection is satisfied, the absent party is a necessary party that should be

joined if possible."  Koppers Co., Inc. v. Aetna Cas. and Sur. Co., 158 F.3d 170 (3d Cir.

1998)(emphasis in original).  I conclude that although the parties may be afforded complete relief

in the absence of plaintiff's former employees, the former employees' ability to protect their

interests will be impaired or impeded by the disposition of this action in their absence.  See,

Fed.R.Civ.P. 19(a)(2)(i).  In order for defendant to be found liable it is first necessary to assess

the validity and enforcability of the employment agreements.  It will also be necessary to

determine whether defendant unlawfully hired plaintiff's former employees and whether

defendant misappropriated trade secrets thereby.   This determination cannot be made without the

former employees.  Their interests cannot be adequately represented in absentia as a

determination of liability against defendant would place the former employees at a substantial

risk of incurring double or inconsistent obligations.  Specifically, since the former employees

have already been sued in India, permitting this action to proceed without them places them at

risk of inconsistent conclusions regarding the lawfulnes of their conduct and places them in

jeopardy of double or inconsistent obligations.  Therefore, I conclude that plaintiff's former

employees are both necessary and indispensable parties to this action.

Defendant also moved to dismiss plaintiff's complaint on the basis of *forum non*

*conveniens*.  Defendant argues that dismissal is warranted because Pennsylvania has little interest

in this litigation.  Defendant furthers assert that India is a more convenient forum as: plaintiff's

choice of forum deserves little weight because plaintiff is acting as a domestic proxy so that its

Indian business affiliate, Syngy India, can utilize a United States forum in order to circumvent

4

the law of India; India is an adequate alternative forum; and, the private and public interests
weigh in favor of litigating this matter in India.

A district court must analyze both the private and public interest when considering
whether to dismiss a case for *forum non conveniens*.  See, Gulf Oil Corp. v. Gilbert, 330 U.S.
501, 67 S.Ct. 839, 843 (1947).  The private interests to be considered include: "the relative ease
of access to sources of proof; availability of compulsory process for attendance of unwilling, and
the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view
would be appropriate to the action; and all other practical problems that make trial of a case easy,
expeditious and inexpensive."  Id.

The public interest factors to be considered include: the administrative difficulties for
courts, including court congestion, when litigation is not handled at its origin; imposing jury duty
upon the people of a community which has no relation to the litigation; holding a trial in the view
of persons affected by the trial rather than where they can only learn of it by report; the local
interest in having localized controversies decided at home; and, the appropriateness of trying a
diversity case in a forum that is at home with the state law that must govern the case, rather than
having a court untangle problems in conflict of law, and in law foreign to itself.  Id.

Having considered both the private and public interests relevant to the instant matter, I
conclude that dismissal on the ground of *forum non conveniens* is warranted under the
circumstances.  The private factors favoring holding trial in the United States are outweighed by
those favoring holding trial in India.  The sole factor weighing in plaintiff's favor is that plaintiff
and defendant are Pennsylvania residents.   However, as defendant notes the connections to India
are substantial.  In order for defendant to be held liable, it must first be determined that the

former employees breached their covenants against competition and disclosure and also that defendant's wrongfully acquired and utilized plaintiff's allegedly protected materials.  Any finding will require deposition testimony from plaintiff's former employees as well as from representatives of both plaintiff's and defendant's Indian affiliates.   India is the favored forum to access sources of proof.  Because much, if not most, of the sources of proof are located in India I conclude that it is more practical, costly, and efficient to try this matter in India.

The public interests also weigh in favor of trying this matter in India.  Pennsylvania does not have a greater interest in adjudicating this matter which is primarily a dispute involving foreign residents.  Plaintiff's theory of liability is based upon conduct which occurred in India.  Consequently, the operative facts upon which liability is premised occurred outside of the Commonwealth of Pennsylvania.   Therefore, I conclude that there are no significant public interests favoring trying this matter in Pennsylvania.  Moreover, trial in this matter should be held in the view of plaintiff's former employees instead of in this court because they have an interest in the outcome in this matter.  Finally, this court and its jurors should not be unduly burdened with adjudicating a matter with which it has little relation.  A federal court has discretion to dismiss a case on the ground of *forum non conveniens* when an alternative forum has jurisdiction to hear the case and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience.  Sinochem, Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., ___ U.S. ___ 127 S. Ct. 1184, 1188 (2007).  Because there is an alternative Indian forum which has jurisdiction to hear this matter and as trial in the court is

unduly oppressive to defendant, plaintiff's complaint will be dismissed.[1]  Therefore, defendant's

motion to dismiss on the basis of *forum non conveniens* will be granted.

An appropriate order follows.

---

[1]It should also be noted that in <u>Sinochem</u>, the Supreme Court held that this court is not required to establish jurisdiction before dismissing a suit on the basis of *forum non conveniens*.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNYGY, INC., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ZS ASSOCIATES, INC., | : | NO. 07-3536 |
| Defendant | : | |

ORDER

Presently pending are plaintiff's Motion for Preliminary Injunction, defendant's Motion to Dismiss, and the respective replies and sur-replies thereto. AND NOW, this 23rd day of April 2008 , it is ORDERED that:

1. Plaintiff's Motion for Preliminary Injunction is DENIED;

2. Defendant's Motion to Dismiss is GRANTED and the Complaint is DISMISSED; and,

3. The Clerk of Court is directed to close the case.


__s/Thomas N. O'Neill, Jr.__

THOMAS N. O'NEILL, JR., J.