IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNYGY, INC. | : | CIVIL ACTION |
| | : | NO. 07-3536 |
| v. | : | |
| | : | |
| ZS ASSOCIATES, INC. | : | |

O'NEILL, J.                                                                                            NOVEMBER 4, 2010

<u>MEMORANDUM</u>

Presently before me is Synygy's "motion to compel discovery against defendant, Novo Nordisk, Inc." (Doc. No. 66). On February 22, 2010, Novo filed a timely response. (Doc. No. 68). On March 1, 2010, plaintiff filed a reply, (Doc. No. 69), to which Novo filed a sur-reply. (Doc. No. 70).[1] For the following reasons, I will deny plaintiff's motion.[2]

BACKGROUND

After approximately thirty-seven months of litigation, the parties are intimately familiar with the procedural history of this case. I will thus focus on those facts that are relevant to

---

[1]     In a somewhat unusual twist, defendant ZS Associates–a non-party to the current discovery dispute–asserted in a letter to the court dated March 3, 2010 that it intended to file a brief in opposition to the motion. In light of the then-impending settlement discussions, however, ZS notified the court on March 11, 2010 that it intended to postpone filing the brief. At present, no such brief has been filed.
       I will not defer decision on this question in speculative anticipation that ZS still intends to file a brief. First, thirteen days have passed since I lifted the stay in this case. If ZS intended to file a brief, it had adequate time to do so. Second, given that I will deny the motion, ZS's brief is unnecessary.

[2]     By Order dated April 26, 2010, I referred the case to Judge Restrepo for the purpose of conducting settlement discussions. (Doc. No. 72). The parties stipulated that this case would be stayed during the settlement discussions. (Doc. No. 75). By the terms of the stipulation, the stay was to expire on September 30, 2010. On October 14, 2010, Synygy moved to lift the stay. (Doc. No. 76). On October 22, 2010, I granted that motion. (Doc. No. 79). By letter dated November 2, 2010, Synygy further requested that I rule on the motion to compel it had filed on February 4, 2010.

disposition of the present motion.

On June 29, 2009, I authorized limited jurisdictional discovery into the relationship between ZS and its worldwide affiliates. (Doc. No. 36). Such discovery was intended to provide plaintiff with the information necessary to defend against an expected motion to dismiss pursuant to Federal Rule of Civil Procedure 19 and the doctrine of <u>forum non conveniens</u>. On December 1, 2009, I ordered the defendant to re-brief its motion to dismiss and include references, where appropriate, to facts obtained in the jurisdictional discovery. (Doc. No. 60). Synygy thereafter served its discovery requests on ZS which, in turn, moved for a protective order quashing the vast majority of Synygy's requests. (Doc. No. 62). I denied that motion, holding that discovery requests that are reasonably calculated to uncover information relevant to the <u>forum non conveniens</u> and Rule 19 analyses are permitted under the June 29, 2009 Order. (Doc. No. 65). I instructed ZS to respond to the discovery requests that are proper and, if necessary, make specific objections to those requests that are improper.

In the meantime, Synygy also served discovery requests on Novo, a non-party to the original complaint. On February 1, 2010, Novo lodged objections to each of the discovery requests. Synygy now moves to compel Novo to produce the requested discovery.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. Fed. R. Civ. P. 26. It provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

Where a party has received discovery responses that are incomplete or evasive, Rule 37 permits that party to request a court order compelling additional disclosure or discovery. Fed. R. Civ. P. 37. The party seeking discovery bears the initial burden of demonstrating the relevance of the information sought. See Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party opposing the discovery request must then make a specific showing as to why the requested information does not fall within the broad scope of discovery. See id.

ANALYSIS

I.   Preliminary Matters

At the outset, I must address whether Novo is a defendant in this matter. This, apparently, is a point of contention between the parties. In its original complaint, plaintiff named ZS as the sole defendant. After the Court of Appeals remanded the case for further analysis on the Rule 19 and forum non conveniens issues, plaintiff filed an amended complaint which named Novo as an additional defendant. Both ZS and Novo objected to the amended complaint and I received extensive briefing on whether such amendment was appropriate. After considering all the submissions, I decided that my primary obligation was to fulfill the mandate of the Court of Appeals and reconsider my dismissal of the original complaint. I made clear that only after deciding whether the original dismissal was appropriate would I address whether the complaint could properly be amended to add additional parties. The effect of this ruling was to limit the scope of the present proceedings to that set forth in the original complaint–namely, Synygy's allegations of wrongdoing by ZS.

Despite my ruling, Synygy now claims that Novo is a party. In support of its proposition, it cites the captions of various documents. First, it points to the caption on the court's docket

3

which references Novo as a defendant. The docket caption–which is the Clerk of Court's interpretation of the filings–is included only for the convenience of the parties. It has no legal significance. Otherwise, a clerical error could circumvent the court's rulings.

Likewise, Synygy also points to documents filed by Novo which utilize captions naming Novo as a defendant. Those documents, however, were filed before my December 1, 2009 Order at a time when Novo reasonably believed itself to be a defendant or at least a potential defendant.[3] In any event, those captions are due no greater weight than the caption on the court's docket sheet. I am unpersuaded that a clerical error on the docket sheet, in the caption of a motion or, indeed, on any other document can provide authorization for an action that my December 1, 2009 Order expressly prohibited. An erroneously-styled caption simply cannot circumvent a court Order.

In sum, the present posture of this case is the same as it was when the case was remanded from the Court of Appeals. The original complaint remains in effect and no amendment has been authorized. ZS is the sole defendant and Novo is not presently a party to this action.

II.   Motion to Compel

Synygy's motion to compel is based on its argument that Novo has improperly asserted general, non-specific objections to Synygy's discovery requests. It claims that its discovery requests are proper because they are designed to address the issues raised in the Court of Appeals's opinion.

Novo, in response, claims that the discovery requests are improper for two reasons. First, because I have not granted leave to direct discovery requests to a non-party in the case.

---

[3] The captions on Novo's later filings do not characterize Novo as a defendant.

Second, because the discovery requests are directed to the merits of the case in violation of my December 1, 2009 and January 26, 2010 Orders.

      A.      My Prior Rulings Do Not Categorically Foreclose Synygy from Seeking Discovery from Non-Parties

I must first address Novo's contention that none of my previous Orders permit Synygy to seek discovery from anyone other than ZS. Novo's interpretation of my rulings is incorrect. I have not, as Novo suggests, limited discovery to requests from one party to another party. Instead, I have limited the scope of discovery to those requests that are reasonably calculated to uncover information relevant to the <u>forum non conveniens</u> or Rule 19 analyses, regardless of whether the request is directed to a party or a non-party. <u>See</u> Order at 4 (Jan. 26, 2010) (Doc. No. 65) (I see no reason to limit plaintiff strictly to the discovery requests it made on October 19, 2007. As long as the discovery requests are reasonably calculated to uncover information relevant to the <u>forum non conveniens</u> and Rule 19 analyses, they will be permitted."). The critical factor, then, in determining whether a discovery request is appropriate is not the entity to whom the request is directed, but the nature of the information requested. If Synygy has requested from Novo information relevant to the <u>forum non conveniens</u> or Rule 19 analyses, Novo must produce such information.[4]

      B.      The Information Sought from Novo Is not Reasonably Calculated to Lead to Information Relevant to the <u>Forum Non Conveniens</u> or Rule 19 Analyses

The next question is whether Synygy's discovery requests are reasonably calculated to uncover information relevant to the jurisdictional inquiry. Synygy bears the burden of

---

      [4]      The parties must, of course, adhere to any rule of procedure or statute applicable to non-party discovery. <u>See</u>, <u>e.g.</u>, Fed. R. Civ. P. 34(c).

5

demonstrating that the information sought is relevant and within the scope of authorized discovery.  See Goodman, 553 F. Supp. at 258.  Synygy asserts that "the Jurisdictional Discovery is designed to explore what documents and communications relating to Synygy and its confidential proprietary property were taken by any Defendant and/or exchanged between them." Pl.'s Br. at 2.  It further argues that "Synygy's jurisdictional discovery efforts are focused on the existence of jurisdiction in this Court for its claims against other [United States] corporations,[5] for wrongs that were committed in the [United States] and elsewhere that lead to harm here in the [United States]"  Pl.'s Br. at 7.  In response, Novo argues that Synygy's discovery requests are directed solely to the merits and "will do nothing to provide the Court with facts that will enable it to perform the jurisdictional analysis . . . ."  Novo's Br. at 11.

Synygy appears to misunderstand the purpose of jurisdictional discovery.  This is not an opportunity for Synygy to obtain evidence in support of the factual allegations contained in the complaint.  It is also not an opportunity to identify other potential defendants and causes of action.  The sole purpose of the limited jurisdictional discovery is to obtain information that will allow the parties to address the factors set forth in the Court of Appeals's opinion.  The discovery requests directed to Novo do not accomplish that purpose.

       1.      Forum Non Conveniens

When considering a motion to dismiss pursuant to the doctrine of forum non conveniens,

---

[5] Novo interprets "other [United States] corporations" to refer to United States corporations other than ZS.  Although the language is ambiguous and Novo's interpretation is plausible, such an interpretation would mean that Synygy has conceded that the purpose of its discovery requests is to conduct a fishing expedition into Novo's internal affairs.  I will resolve the ambiguity by assuming that Synygy has not made such a concession.  Accordingly, I understand "other [United States] corporations" to refer to United States corporations other than Synygy itself–specifically, ZS.

a district court must consider four factors: (1) the availability of an adequate alternative forum; (2) the amount of deference due the plaintiff's forum choice; (3) the private interest factors; and (4) the public interest factors. See Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989) (cited in Synygy, Inc. v. ZS Assocs., Inc., No. 08-2355, 2009 WL 1532117, at *2 (3d Cir. 2009)).

With respect to the first factor, the Court of Appeals directed me to consider six additional questions:

> (1) whether India recognizes the causes of action in this suit, or their analogues; (2) what forms of relief are available to Synygy in India if it proves its claims; (3) whether such relief could be enforced in the United States; (4) whether ZS [] is subject to jurisdiction in India; (5) if not, whether its consent to jurisdiction is legally sufficient; and (6) whether any dismissal should be conditioned on such consent.

Synygy, 2009 WL 1532117, at *2. Most of these questions are questions of law appropriate for disposition by the court. Even where fact discovery might be helpful–for example, an affidavit from a practicing attorney in India might shed some light on whether India recognizes the causes of action in this suit–Novo is in no position to provide that discovery. Even assuming that limited discovery is appropriate with respect to some aspect of the analysis under the first factor, and further assuming that Novo could provide such discovery, there is nothing that Novo could produce that could not also be produced by ZS.

The second factor–the amount of deference due Synygy's forum choice–requires a determination of whether Synygy should be treated as an American corporation or as a foreign entity. See id. Again, to the extent that limited discovery may clear up this question, Novo is not in a position to provide such discovery. If discovery requests pertaining to this factor are

necessary, they should be directed to ZS itself.

The third factor requires an analysis of private interest factors. The Court of Appeals has explained that private interest factors include: the location of evidence of misappropriation; the ease of access to such evidence in both forums; and the availability of process to ensure the cooperation of non-parties. See id. The availability of process is a purely legal question appropriate for disposition by the court. Novo could, however, potentially provide relevant information with respect to the location of evidence and ease of access thereto. For example, if ZS provided Synygy's proprietary information to Novo, then Novo might possess evidence of misappropriation. The evidence itself, however, is not important at this stage; instead, its location is the critical factor. To that end, Synygy could obtain from ZS a list of relevant documents that ZS shared with Novo.[6]

The fourth factor requires an analysis of the public interest factors including "choice of law issues, any administrative problems associated with hearing the suit in the United States, and the interests of Pennsylvania in adjudicating the case." See id. at *3. Like the other three factors, there is no conceivable evidence relevant to the public interest analysis that could be produced by Novo and that could not be produced by ZS.

In sum, I find that Synygy's requests for production of documents and depositions are not reasonably calculated to lead to information relevant to the forum non conveniens analysis. I will thus deny Synygy's motion to compel with respect to all discovery requests that purport to be

---

[6] I offer this example only for the purposes of illustration. I do not find here, or with regard to any other examples offered in this Memorandum, that such information is per se relevant or discoverable from any particular entity. Each discovery request and objection will be considered on a case-by-case basis in the appropriate context.

relevant to the forum non conveniens analysis and sustain Novo's objections.

2. Rule 19 Analysis

Synygy alleges, inter alia, that its former employees were hired by ZS in violation of non-disclosure and non-compete covenants. Those employees were not named as defendants in the original complaint. ZS argued that the former employees were necessary and indispensable parties and that their absence required the case to be dismissed. My April 23, 2008 dismissal of this case was based in part on my finding that the former employees were both necessary and indispensable.

Rule 19(a) defines those "necessary" parties that must be joined in an action if such joinder is feasible. Fed. R. Civ. P. 19(a). Rule 19(b) sets forth the "indispensability" framework for determining whether, in cases where a necessary party cannot feasibly be joined, the case should be dismissed. Fed. R. Civ. P. 19(b). The Court of Appeals ordered me to reconsider my decision under both prongs of Rule 19.

First, the Court ordered me to elaborate on my conclusion under Rule 19(a) that the interests of the former employee could be impaired or impeded by the present action. It ordered me to explain what those interests are and why the present lawsuit would jeopardize them. Second, with respect to my conclusion under Rule 19(b) that the parties were indispensable, the Court ordered me to evaluate such factors as "the deleterious effect on the former employees of a judgment rendered in their absence and whether such harms could be lessened by shaping the proceedings or the relief." Synygy, 2009 WL 1532117, at *3.

The discovery requests pertaining to the Rule 19 analysis suffer from the same defects as the discovery requests directed at the forum non conveniens issue. Namely, it is exceedingly

9

unlikely that Novo is in possession of any information bearing on any of the questions relevant to my Rule 19 analysis. For example, the interests of Synygy's former employees and the effect of this lawsuit on those interests are topics with respect to which Novo would have no information. I will therefore deny Synygy's motion to compel with respect to all discovery requests that purport to be relevant to the Rule 19 analysis and sustain Novo's objections.

## CONCLUSION

In light of the foregoing discussion, Synygy's motion to compel will be denied because its requests are not reasonably calculated to lead to discovery of information relevant to the <u>forum non conveniens</u> and Rule 19 analyses. I reiterate that fact discovery directed solely to the merits of the case is presently forbidden.

An appropriate Order follows.