IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNYGY, INC. | : | CIVIL ACTION |
| | : | No. 07-3536 |
| v. | : | |
| | : | |
| ZS ASSOCIATES, INC., et al. | : | |

O'NEILL, J.                                                                                                                          July 29, 2013

**<u>MEMORANDUM</u>**

      This opinion addresses a motion by ZS Associates, Inc. and ZS Associates International, Inc. to compel documents and testimony within the scope of Synygy, Inc.'s alleged advice-of-counsel waiver of the attorney-client privilege (Dkt. No. 125), one of a number of motions now pending in this litigation between Synygy, the ZS parties and Novo Nordisk Inc. The discovery that ZS and ZSAI seek to compel relates to their claims alleging that a Synygy-issued press release was defamatory, commercially disparaging and in violation of the Lanham Act. See Dkt. No. 91 at ¶¶ 15-58. The press release in question was issued on August 6, 2009, a day after Synygy filed its second amended complaint in this action. See Dkt. No. 131-2. It summarized Synygy's allegations, claims and relief sought. Id. Mark Stiffler, president, CEO and founder of Synygy was quoted in the press release. See Dkt. No. 131-2 at ECF p. 2-3.

      ZS and ZSAI now contend that when Stiffler "was asked to state the factual basis he and the company he had for the statements made in the press release that ZS asserts are false and defamatory . . . , Mr. Stiffler chose instead to assert that he had relied upon the advice of counsel." Dkt. No. 125 at ECF p. 6. They thus contend that during Stiffler's deposition, he put at issue an "advice of counsel" defense to their defamation claim, thereby waiving the attorney-

client privilege.[1]  See Dkt. No. 148 at 6:4-20.  As a result, ZS and ZSAI now move to compel Synygy to "produce documents relating to the press release containing communications with counsel, and to permit testimony on that subject matter from Synygy's counsel, Walt Montague." Dkt. No. 125 at ECF p. 7.  Synygy responds to ZS and ZSAI's motion by arguing that it has not placed the advice of its counsel at issue in this case.  See Dkt. No. 131 at ECF p. 8.  I agree with Synygy and as a result, I will deny the instant motion to compel.

A party may waive the attorney client privilege when it affirmatively places the advice of counsel at issue by asserting "a claim or defense, and attempt[ing] to prove that claim or defense by disclosing or describing an attorney client communication."  Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994); see also Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc., 227 F.R.D. 382, 397 (W.D. Pa. 2005) (holding that a party who defends against a claim by asserting reliance on counsel's advice waives the attorney-client privilege); In re Sunrise Sec. Litig., 130 F.R.D. 560, 570 (E.D. Pa. 1989) ("If 'a party asserts as an essential element of his defense reliance upon the advice of counsel . . . the party waives the attorney client privilege with respect to all communications, whether written or oral, to or from counsel concerning the transactions for which counsel's advice is sought.'"), quoting Panter v. Marshall Field & Co., 80 F.R.D. 718, 721 (N.D. Ill. 1978).  The privilege is waived when there are "any acts evincing a <u>clear intent</u> to waive the attorney-client privilege by placing at issue reliance on the advice of counsel."  Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3d Cir. 1995) (emphasis added).  "Advice is not in issue merely because it is relevant, and does not

---

[1]  Stiffler's deposition took place on January 28, 2013.  ZS and ZSAI did not file their motion to compel based on his alleged waiver of the attorney-client privilege until April 15, 2013.  Dkt. No. 125.

necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner." Rhone-Poulenc Rorer, 32 F.3d at 863.

ZS and ZSAI have not set forth any evidence to support a finding that, prior to Stiffler's deposition, Synygy had asserted advice of counsel as a defense to ZS's and ZSAI's claims that the press release was defamatory, commercially disparaging and in violation of the Lanham Act. See Dkt. No. 99 at p. 3-6, ¶¶ 15-58 (answer to counterclaims) and p. 6-8, ¶¶ 1-17 (affirmative defenses). Instead, ZS and ZSAI contend that the attorney-client privilege was waived when Stiffler "attempted to justify the statements [in the press release] by relying upon his communications with counsel." Dkt. No. 125 at ECF p. 19.

After review of the relevant deposition excepts, I find that it was counsel for ZS and ZSAI and not Stiffler who first raised the issue of whether Synygy had relied on the advice of its counsel in choosing the language included in the press release. After extended questioning regarding the source of the contents of the press release, counsel for ZS and ZSAI asked Stiffler the following question: "[a]nd did you rely upon the statement of counsel that that was accurate?" Dkt. No. 125-13 (Stiffler Dep.) at 316:3-5. Stiffler was then asked "[w]hat advice did [counsel] give you such that you relied upon it in deciding to go ahead with the press release." Id. at 317:17-19. Counsel for Synygy objected to the question as "a mischaracterization of [Stiffler's] testimony." Id. at 317:21-23. As Synygy argues, prior to those questions, Stiffler "never used the word 'relied'" in his responses to questioning about the drafting of the press release. Dkt. No. 131 at ECF p. 12. Cf. Alers v. City of Phila., No. 08-4745, 2001 WL 6000602, at *3 (Nov. 29, 2011) (finding that a defendant's "deposition [did] not read in such a way that . . . defendants[ ] put the advice of counsel into issue" where the plaintiff,

3

and not the defendants first brought up a privileged document containing a recommendation from the defendants' counsel that the defendants had inadvertently produced).

Indeed, first questioned about the contents of the press release, Stiffler answered as follows, taking responsibility for the selection of the language in an initial draft of the document:

> Q. You'll see that you used the word "theft" in your draft from September of 2008 and that you used the word "theft" in the actual press release that was issued in August of 2009. Do you see that?
>
> A. Yes.
>
> Q. And you chose that word yourself when you wrote the draft in September of 2008; did you not?
>
> . . .
>
> A. I evidently did.

Dkt. No. 125-13 (Stiffler Dep.) at 303:13-304:5. Upon further questioning, Stiffler explained that the release "was vetted by legal counsel," id. at 304:24, prompting counsel for ZS and ZSAI to ask, "[s]o you're saying that legal counsel chose the word "theft?" Id. at 305:1-2. Counsel for Synygy objected and Stiffler answered that he was "saying that legal counsel allowed the word to be sent in a press release." Id. at 305:5-8. Counsel for ZS and ZSAI then asked "[y]ou're not blaming legal counsel for the contents of this release, are you?" Id. at 305:10-12. Siffler answered, "[n]o, I'm – lawyers are never to blame." Id. at 305:15-16.

I agree with Synygy that, in his testimony, "Mr. Stiffler merely revealed the fact of a communication with counsel without revealing the substance of that communication." Dkt. No. 131 at ECF p. 13. His testimony does not support a conclusion that he "ha[d] made the decision and taken the affirmative step in the litigation to place the advice of the attorney in issue." Rhone-Poulenc Rorer, 32 F.3d at 863; see also Saltern v. Nor-Car Fed. Credit Union, No. 02-

4

7175, 2003 WL 21250578, at *2 (E.D. Pa. Apr. 17, 2003)("Disclosure of the fact of a meeting with counsel is not the affirmative act of waiver required by Rhone–Poulenc."). Nor does it support a finding that Stiffler had a "clear intent to waive the attorney-client privilege . . . ." Glenmede Trust Co., 56 F.3d at 486 (finding the party seeking to retain the attorney-client privilege waived the privilege when it voluntarily turned over an attorney's opinion letter during document production and raised the reliance on counsel's advice defense on its own). Accordingly I will deny ZS and ZSAI's motion to compel on the basis of my finding that Synygy has not waived the attorney-client privilege by relying on advice of counsel.

An appropriate Order follows.